IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| TINA C. POOLE, | ) | |
| | ) | CASE NO. BK15-80234 |
| Debtor(s). | ) | A15-8025 |
| PREMIER BANK, | ) | |
| | ) | |
| Plaintiff, | ) | CHAPTER 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| TINA C. POOLE, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the court on the defendant debtor's motion for summary judgment (Fil. No. 22) and resistance by the plaintiff (Fil. No. 26). Desirae M. Solomon represents the debtor, and Craig A. Knickrehm represents the plaintiff. Briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is denied.

Tina and Rick Poole are married to each other. They own SOS Construction and Roofing, Inc. On June 28, 2013, SOS borrowed $150,000 from Premier Bank. Tina Poole signed a guaranty of that promissory note. SOS is presently in default on the note. Tina Poole filed a Chapter 7 bankruptcy proceeding on February 19, 2015. Premier Bank filed this adversary proceeding seeking to except the debt from discharge under 11 U.S.C. § 523(a)(2)(A) and (B) because the loan was obtained by false pretenses, false representations, and/or actual fraud, as well as through the use of a materially false written statement, *i.e.*, a personal financial statement submitted with the guaranty. Ms. Poole has now moved for summary judgment.

The Bankruptcy Code prohibits the discharge of a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's . . . financial condition[.]" 11 U.S.C. § 523(a)(2)(A). To establish fraud within the context of § 523(a)(2)(A), the creditor must show, by a preponderance of the evidence, that: (1) the debtor made a representation; (2) the representation was made at a time when the debtor knew the representation was false; (3) the debtor made the representation deliberately and intentionally with the intention and purpose of deceiving the creditor; (4) the creditor justifiably relied on such representation; and (5) the creditor

sustained a loss as the proximate result of the representation having been made. *R & R Ready Mix v. Freier (In re Freier)*, 604 F.3d 583, 587 (8th Cir. 2010). To have the debt excepted from discharge, the creditor must prove that the debtor obtained money or property from the creditor concurrent with the debtor's misrepresentation. *Marcusen v. Glen (In re Glen)*, 639 F.3d 530, 533 (8th Cir. 2011).

To except a debt from discharge under 11 U.S.C. § 523(a)(2)(B), a creditor must prove, by a preponderance of the evidence, that the debtor obtained money by (1) use of a statement in writing that was materially false; (2) that pertained to her or her business's financial condition; (3) on which the plaintiff reasonably relied; and (4) that the debtor made with the intent to deceive the plaintiff. *Jacobus v. Binns (In re Binns)*, 328 B.R. 126, 129 (B.A.P. 8th Cir. 2005); *Northland Nat'l Bank v. Lindsey (In re Lindsey)*, 443 B.R. 808, 813 (B.A.P. 8th Cir. 2011).

Sections 523(a)(2)(A) and (a)(2)(B) are mutually exclusive, as subsection (a)(2)(A) covers oral statements and subsection (a)(2)(B) covers written statements. *First Nat'l Bank of Olathe v. Pontow*, 111 F.3d 604, 608 (8th Cir. 1997). Because the allegations in this case appear to deal with a written financial statement, § 523(a)(2)(B) is the applicable provision.

For procedural reasons, the court need not go into the elements of § 523(a)(2)(B) at this time. This matter is before the court on a motion for summary judgment, which would mandate entry of a judgment if there were no genuine issue of material fact and the moving party were entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

However, the moving party here has submitted no evidence, so there is no basis for determining whether or not factual issues exist. This court's local rules delineate the procedure on summary judgment motions:

> Rule 7056-1. Summary Judgment Procedure
>      A. Summary Judgment Motions. Except as otherwise provided in this Rule, Neb. R. Bankr. P. 9013-1 and the procedures of NECivR 56.1 apply to motions for summary judgment. The Court will determine on a case-by-case basis whether to schedule summary judgment motions for oral argument.
>      B. Moving Party.
>           1. Motion and Supporting Materials. The moving party shall contemporaneously file a brief in support of the motion. The moving party shall also contemporaneously file the evidentiary materials upon which the party is relying, or identify any previously filed evidentiary materials upon which the party is relying.
>           2. Statement of Material Facts. The moving party shall set forth in the brief in support of the motion for summary judgment a separate statement of material facts as to which the moving party contends there is no genuine issue to be tried and

that entitle the moving party to judgment as a matter of law. Failure to submit a statement of facts constitutes grounds for denial of the motion.

       3. Form; Citation to Record. The statement of facts shall consist of short numbered paragraphs, each containing pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line), or other materials relied upon to support the material facts recited in that paragraph. A fact is "material" if pertinent to the outcome of the issues identified in the motion for summary judgment. The statement of facts shall describe the parties and recite all facts supporting the Court's venue and jurisdiction. The statement shall not contain legal conclusions. Failure to provide citations to the exact locations in the record supporting the factual allegations shall be grounds to deny the motion.

    . . .

Neb. R. Bankr. P. 7056-1.

This rule makes clear that the movant should submit all evidence on which it intends to rely, as the court may, and frequently does, decide the motion without a hearing. Here, the defendant has failed to file proof in support of her arguments about the facts and how they fit the elements of § 523(a)(2)(B). She also has failed to comply with the briefing requirements of the rule, which direct the movant to state the material facts without issue and cite to the evidence in support of those stated facts. This puts the court in a position of being unable to ascertain what the facts of the case are, which means summary judgment cannot be granted at this time.

IT IS ORDERED: The defendant debtor's motion for summary judgment (Fil. No. 22) is denied. The Clerk shall schedule this matter for a one-day trial.

DATED:  January 5, 2016.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Desirae M. Solomon
    Craig A. Knickrehm
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.